(82 South.. 467)

BOLING v. T. L. FARROW MERCANTILE
CO.   (8 Div. 177.)

(Supreme Court of Alabama.   June 5, 1919.)

1. CONTRACTS ⬄28(1)—BURDEN OF PROOF.

In an equitable action, the burden of proof
is upon the plaintiff to establish to the reason-
able satisfaction of the court that an agreement
upon which he relies for recovery was made
by the defendant.

2. EQUITY ⬄446—OFFICE OF BILL OF RE-
VIEW.

A bill of review, or a bill in that nature, to
vacate a decree, will not lie to review and re-
vise irregularities in a decree of mortgage fore-
closure, such as the amount of the mortgage
debt or the efficiency of the medium of publica-
tion through which notice of the sale was given;
appeal by the party prejudiced being an appro-
priate remedy.

Appeal from Circuit Court, Marshall Coun-
ty; W. W. Haralson, Judge.

Bill by Thomas M. Boling against the T.
L. Farrow Mercantile Company.   Decree for
defendant, and plaintiff appeals.   Affirmed.

Rayburn & Wright, of Guntersville, for ap-
pellant.

John A. Lusk & Sons, of Guntersville, for
appellee.

McCLELLAN, J.   Bill in the nature of a
bill of review.   The decree sought to be
vacated was rendered, after jurisdiction ac-
quired, in the cause styled T. L. Farrow
Mercantile Co. v. T. M. Boling; and its effect
was to foreclose two mortgages executed by
Boling to the company.   The present bill
would avoid this decree upon the ground
that the complainant company agreed with
the respondent (the mortgagor) that if re-
spondent's father would release two mort-
gages, executed by the respondent, he then
held, the complainant company would dis-
miss its then pending bill praying a fore-
closure of the mortgages to that company;
whereupon, it is averred, the respondent se-
cured and delivered to the company's repre-
sentative a formally executed instrument
from his father extinguishing the father's
rights, etc., in the premises, notwithstanding
which agreement and its effect to lull re-
spondent into inaction, the complainant took
a decree pro confesso against the respondent
and invited and had enforced a decree fore-
closing the mortgages.

[1] Pretermitting other considerations that
might lead to the same result, it will suffice
to say that a careful review of the whole
evidence confirms the correctness of the
trial court's conclusion, namely, that the
appellant failed to carry the burden of proof
resting upon him to establish to the, reason-
able satisfaction of the court that the agree-
ment upon which he relied was in fact made

either by the mercantile company, or its
agent, officer, or solicitor.

[2] The other matters asserted in the pres-
ent bill—with a view to vacating the decree
regularly entered in a cause of which the
court had jurisdiction—went, at most, to re-
flect upon the correctness of the decree in
respect of the amounts of the mortgage debts
secured by the two mortgages and to question
the efficiency of the medium of publication
through which notice of the sale was given.
A bill of review, or a bill in that nature, to
vacate a decree, will not lie to review and
revise irregularities of that character; ap-
peal by the party prejudiced being an ap-
propriate remedy.   Vary v. Thompson, 168
Ala. 367, 52 South. 951; McCall v. McCurdy,
69 Ala. 65, among others.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and
GARDNER, JJ., concur.