This is an appeal from a final decree rendered June 3, 1975. The decree was in response to a bill of review filed July 9, 1971. The issues on appeal are due process claims and a claim that the court exceeded its authority in the manner in which the trial judge handled the bill of review. These issues evolve around the chronology and substance of the pleadings and decrees. The record on appeal consists of the record proper only and contains no testimony.
The bill of review, Case No. 1668-J, sought to review the final decree in Case No. 991-J. The parties are the same in both cases except for the intervenors in Case No. 1668-J.
The final decree in 991-J established priorities between mechanics' liens held by James Brown, the appellant, and mortgages held by Kingsberry Mortgage Company, appellee, *Page 566 
in certain parcels of land. The court's decree held that Kingsberry's mortgages were superior to the liens of Brown on all parcels except one. We are not here concerned with that one parcel.
The decree in 991-J further provided that the Register sell the parcels of land and apply the proceeds of the sale to Brown and the balance, if any, to Kingsberry. This action by the court was, according to the allegation in the bill in Case No. 1668-J, just the reverse of what the court should have ordered.
Additionally, the decree in 991-J gave Kingsberry the right to foreclose and sell under the power of sale contained in the mortgages.
The Bill of Review No. 1668-J alleged that the decree in 991-J is so vague, contradictory and uncertain that it is impossible for the Register to carry out the order of the court. The bill further alleges that the testimony taken in Case No. 991-J shows without dispute that Kingsberry and Jack Lee, the builder, perpetuated a fraud upon Brown by conspiring to sign his name to lien waivers. The bill prayed for an accounting; that the court declare the alleged fraud; that it change its decision on the priorities question and for general relief.
On April 17, 1975, the judge entered a "Final Decree on Bill of Review," prefaced by the following:
 "This cause coming on for hearing in open court and briefs having been submitted by the parties,
 "And the parties to this cause being notified of the intention of the Court to enter this Decree in Chambers of this date, denying the substance of the Bill of Review, but granting clarification of the earlier Decree in Case 991-J, and the Court having invited the solicitors for the parties to attend in Chambers to assist in drawing this decree, and the solicitors for Defendant Kingsberry Mortgage Company being present in Chambers, and the solicitor for the Complainant James V. Brown in Case 991-J being present in Chambers, and the solicitor for Complainant James V. Brown in the present Case 1668-J being notified as aforesaid, and having made his view and objections known to the Court but not being present in Chambers, . . ."
The judge held that the decree in Case No. 991-J was clear and sufficient, but for the convenience of the appellant and register again ordered the sale by the register of the parcels of land. The advertisement was to make known that the liens were inferior to the Kingsberry mortgages.
The court noted that the $1,500.00 would have been due the attorney had the parcel been sold by the court.
On May 7, 1975, appellant moved to amend or set aside the April 17, 1975, decree based on reasons stemming from the granting of the attorney's fee. On May 15, 1975, the attorney to whom the fee was to be paid waived his right to the fee.
On May 14, 1975, Enoch and Rosa Lyn Todd intervened. The Todds had bought one of the parcels from Kingsberry who had acquired the parcel at its foreclosure sales. They alleged that they relied on the February 12, 1971, decree in Case No. 991-J and that a subsequent sale by the register would complicate and confuse their title.
The court set a hearing for 9:00 A.M., June 3, 1975, and rendered a decree on that day. Applicable parts of the final decree, rendered June 3, 1975, read as follows:
 "[C]omplainant, through his counsel, had made known to the Court that since James A. Brice has waived or renounced his claim of attorney's fee, complainant has no further interest in pursuing his motion to set aside or amend the decree of April 17, 1975; and counsel for complainant makes known to the Court that he did not seek a resale of any of the properties in this litigation and that he has no objection to the granting of the request of the intervenors that there be no further sale of the properties involved here . . ."
The court then ordered that no further sales be made, affirmed Kingsberry's mortgages *Page 567 
as being senior to appellant's liens, and denied the relief requested.
 I
We agree that a clarification of the February 12, 1971, decree was necessary; the decree stated that Kingsberry's mortgages were superior to the appellant's materialmen's liens but that the register should sell the parcels and pay the proceeds first to the appellant. Apparently, the court intended that a buyer at a sale by the register would take subject to the Kingsberry mortgages, as he subsequently made this clarification in his April 17, 1975, decree. However, we do not believe his allegations of fraud were reviewable by bill of review, as appellant now contends.
On July 3, 1973, the Alabama Rules of Civil Procedure came into effect. Rule 86 provides that the ARCP shall govern cases then pending unless their application would not be feasible or would work an injustice. Rule 60 (b) abolished the Bill of Review as well as the Bill in the Nature of a Bill of Review, but did not alter the substance of the remedies. Committee Comments, Rule 60, ARCP. We shall therefore treat the Bill of Review as an independent proceeding under Rule 60 (b) without regard to whether it was denominated a Bill of Review or a Bill in the Nature of a Bill of Review.
Appellant complains that nothing in the record indicates he was given a hearing before the trial judge invited the parties into his chambers to draft a decree "denying the substance of the Bill of Review, but granting clarification. . . ." April 17, 1975, decree. We note first that appellant's fraud allegations could not be reviewed by a 60 (b) motion. His allegations are "that the testimony taken in Case 991-J [the original suit] shows without dispute . ." that Kingsberry and Jack Lee "perpetuated" a fraud on the appellant. None of the allegations alleged newly discovered evidence. There was no appeal in Case 991-J.
 "The other matters asserted in the present bill — with a view to vacating the decree regularly entered in a cause of which the court had jurisdiction — went, at most, to reflect upon the correctness of the decree in respect of the amounts of the mortgage debts secured by the two mortgages and to question the efficiency of the medium of publication through which notice of the sale was given. A bill of review, or a bill in that nature, to vacate a decree, will not lie to review and revise irregularities of that character; appeal by the party prejudiced being an appropriate remedy. Vary v. Thompson, 168 Ala. 367, 52 So. 951; McCall v. McCurdy, 69 Ala. 65, among others." Boling v. T.L. Farrow Mercantile Co., 203 Ala. 217, 82 So. 467 (1919).
Fraud found in the testimony of a case would historically not support a Bill of Review or a Bill in the Nature of a Bill of Review.
 ". . . The scope of the inquiry [in a Bill of Review] is limited to the issues formed and, where there is no question of newly-discovered evidence, to the facts as gathered from the record proper, not including the testimony; . . . ." Tilley's Alabama Equity, § 199, at 216.
 "To support a bill based upon fraud in the procurement or concoction of a decree, it must appear that fraud was practiced in the very act of obtaining the judgment, and that it was extrinsic or collateral as distinguished from intrinsic fraud. . . ." Tilley's Alabama Equity, § 211 at 227.
Rule 60 (b)(3) now provides that a court may relieve a party from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." However, to obtain relief under Rule 60 (b)(3) the motion must be made not more than 4 months after the judgment. The July 9, 1971, Bill of Review was filed before the new ARCP, and more than 4 months after the February 12, 1971, decree. Thus, while we shall treat appellant's Bill of Review as an independent action under 60 (b), we will not remand the case for the judge to consider allegations of intrinsic fraud. *Page 568 
Rule 60 (b) also provides that a judgment may be set aside within 3 years after its entry for "fraud upon the court."
 "`Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." 7 Moore's Fed. Prac. ¶ 60.33 at 515 (1975).
Fraud found in the testimony of the original suit is not "fraud on the court." Errors found in the testimony are reviewable by appeal, not by a Rule 60 (b) motion (or Bill of Review). We therefore conclude that appellant was not due a hearing on his allegations of fraud. Sharp v. Edwards, 203 Ala. 205,82 So. 455 (1919).
 II
We now turn to appellant's contention that he was not granted a hearing at all. The April 17, 1975, decree reads:
 "This cause coming on for hearing in open Court and briefs having been submitted by the parties,
 ". . . and the solicitor for Complainant James V. Brown in the present Case 1668-J being notified as aforesaid, and having made his views and objections known to the Court but not being present in Chambers,
"It is, therefore, ORDERED . . ."
After the Todds intervened, the trial court ordered a hearing for June 3, 1975, at 9:00 A.M. His decree written the same day states:
 ". . . and counsel for complainant makes known to the Court that he did not seek a re-sale of any of the properties in this litigation, and that he has no objection to the granting of the request of the intervenors that there be no further sale of the properties involved here . . ."
This court will not assume error. The burden is on the appellant to show error in the record.
 "A party complaining of error in a judgment, must show it affirmatively upon the record, as otherwise the presumption will be that the decision is correct. Lyon v. Krebs, 9 Ala. 426." Butler v. Olshan, 280 Ala. 181, 189, 191 So.2d 7 (1966).
The appellant points to the Register's Certificate to Transcript as stating that the record before us is "a complete true and correct transcript of all the proceedings . . .," and from that argues that because there is no transcript in the record of a hearing, he was therefore denied a hearing. Arguments made to the trial judge by appellant's counsel would not normally be a part of the record on appeal.
Moreover, the very essence of the bill was to review former Case 991-J. Under the holding of Butler v. Olshan, 280 Ala. 181, 191 So.2d 7 (1966), we must presume the trial judge took judicial notice of the record in Case 991-J. That record is not before us. In the absence of a contrary showing in the record before us, we must presume that the matter, which was before the trial court, was sufficient to sustain the trial court.
 III
Appellant also contends the trial court went beyond its authority in determining in its June 3, 1975, decree that the property should not be resold after ordering a resale, subject to the Kingsberry mortgages, in its April 17, 1975, decree. Appellant argues that because his "Motion to Amend or Set Aside Decree" dated May 7, 1975, only addressed the $1,500 fee to be paid an attorney, the court was limited to addressing the attorney's fee.
A week after the appellant's motion, the Todds filed their motion to intervene. Rule 24 (a), ARCP, provides:
 "Upon timely application, anyone shall be permitted to intervene in an action: . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the *Page 569 
action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Appellant Brown's initial Bill of Review did not ask for a resale; it only asked for an accounting. The Todds' interest was affected when the court decreed that a resale should take place. We see no error in the court's admitting and addressing the Todds motion to intervene. Moreover, the June 3, 1975, decree indicates that counsel for the appellant made known to the court that he did not seek a resale and had no objection to granting the request of the intervenors.
Finally, we address that aspect of the bill seeking an accounting. The parcels of land were sold under the power of sale contained in the mortgages. Thus, Kingsberry should account to Brown and to the court for any monies in excess of Kingsberry's mortgaged interest. See cases collected in Ala.Dig., Account, 17 (1).
The judgment is affirmed except as to the accounting issue. The cause is remanded with instructions.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.