587 So.2d 1198 (1991)
Robert Lee HALL and Jessie Mae Hall
v.
Willie Jane HALL and Tommy G. Hall, as co-administrators of the Estate of L.C. Hall, Sr., deceased.
89-1825.
Supreme Court of Alabama.
July 26, 1991.
Rehearing Denied August 30, 1991.
James W. Cameron of Cameron & Cameron, Montgomery, for appellants.
Robert Eugene Ely, Montgomery, for appellees.
PER CURIAM.
Robert Lee Hall and his wife, Jessie Mae Hall, appeal from the denial of their Rule 60(b), A.R.Civ.P., motion to set aside the default judgment entered against them and in favor of Willie Jane Hall and her son, Tommy G. Hall.[1]
Willie Jane, as administratrix of the estate of her ex-husband, L.C. Hall, Sr., and Tommy G. Hall, as co-administrator, sued Robert (who is also Willie Jane's son) and Jessie Mae, seeking a constructive trust covering the home that Robert and Jessie Mae allegedly purchased with funds provided by another of Robert's brothers, Barnett Hall, who is now deceased. Willie Jane and Tommy alleged in their complaint that, on February 15, 1979, Barnett came to Montgomery from Chicago with $35,000 in cash, which he gave to Robert to buy a home for their father, L.C. They alleged that title was initially to be in Robert's name but later was to be put in L.C.'s name, because L.C. could not read or write. On February 21, 1979, Robert and Jessie Mae bought the house in which L.C. lived until he died in 1987. Title to the house, however, remained in Robert's name.
On March 30, 1988, Willie Jane and Tommy filed their complaint seeking a constructive trust, as well as $50,000 in punitive damages, and attorney fees. After no response whatever from the defendants (this is undisputed), the trial court entered a default judgment for Willie Jane and Tommy on December 8, 1988, awarding them $50,000 in punitive damages and $8,000 in attorney fees, and ordering that a general *1199 warranty deed concerning the disputed property be issued to them as the personal representatives of L.C.'s estate.[2]
On December 1, 1989, Robert and Jessie Mae filed their independent action, which is the subject of this appeal, in which they alleged fraud on the court as a basis for setting aside the default judgment. Specifically, they argued that Willie Jane had fraudulently represented to the court that she was L.C.'s widow when she, in fact, had been divorced from him on October 20, 1975. On July 31, 1990, the trial court issued the following findings of fact and conclusions of law:

"FINDINGS OF FACT
"1. Robert Lee Hall and Jessie Mae Hall received valid service of process in case CV-88-509-PH on April 7, 1988. They also received notice of the Court's Order to Show Cause why default should not be entered, said hearing being held on July 8, 1988. They also received notice of an order for a hearing on a Motion for Judgment, said hearing being held on September 7, 1988.
"2. Robert Lee Hall and Jessie Mae Hall failed to appear, plead, defend, or make any contact with the Court concerning the Complaint which had been filed against them by the Estate of L.C. Hall, Sr., deceased, in case number CV-88-509-PH.
"3. This Court entered a valid Default Judgment against Robert Lee Hall and Jessie Mae Hall and in favor of the Estate of L.C. Hall, Sr., deceased, in case number CV-88-509-PH on December 8, 1988.
"4. This Court, pursuant to its judgment in case number CV-88-509-PH, rendered a writ of possession for the residential property at 249 Dyas Drive, Montgomery, Alabama, to the estate of L.C. Hall, Sr., deceased on May 31, 1989.
"5. Robert Lee Hall and Jessie Mae Hall filed the present civil action on December 1, 1989, seeking to set aside the prior judgment of the court in case number CV-88-509-PH.
"6. The Plaintiffs herein brought their action to set aside the judgment in case number CV-88-509-PH more than four months after said judgment was entered.
"7. The Plaintiffs have not shown to the reasonable satisfaction of this Court that they have been victims of mistake, inadvertence, surprise, excusable neglect, or fraud.
"8. The Plaintiffs have not shown that Willie Jane Hall and Tommy G. Hall, as personal representatives of the Estate of L.C. Hall, Sr., deceased, have practiced fraud upon the court.
"CONCLUSIONS OF LAW
"1. Under the Alabama Rules of Civil Procedure, Rule 55(c), the trial court is given the discretion of whether to set aside a default judgment. J & P Const. Co. v. Valta Const. Co., 452 So.2d 857 (Ala.1984); Felder v. Hill, 447 So.2d 178 (Ala.1984); Webb v. Galloway, 442 So.2d 53 (Ala.1983).
"2. The complaint of the Plaintiff herein must be considered in light of Rule 60(b) of the Alabama Rules of Civil Procedure. The Plaintiffs' allegations of fraud were not presented to the Court within the four months allowed by Rule 60(b), and therefore their allegations of fraud cannot be heard. Since the Court has found no factual basis for the Plaintiffs' allegations of fraud upon the Court, this matter is due to be dismissed. Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977).
"3. The Plaintiffs herein have been guilty of negligence in allowing the prior judgment in case number CV-88-509-PH to be taken against them. The Plaintiffs have not shown that [the] prior judgment should be set aside because of fraud. Western Grain Co. Cases, 264 Ala. 145, 85 So.2d 395 (1955).

*1200 "4. The Plaintiffs herein had a full, fair, and final opportunity to litigate the matter in dispute when they were repeatedly summoned into Court previously during the litigation of case number CV-88-509-PH. The Plaintiffs failed to appear in court or to defend in any way or even to attempt to contact the Court in the prior action. This present action is the result of the Plaintiffs' repeated refusal to appear and defend in the prior action.
"5. The Court is not convinced that the Halls have a meritorious defense. Consequently, the result would be the same even if the default had not been issued. Additionally, even if the default had been set aside, the Halls would not prevail.
"It is therefore,
"ORDERED, ADJUDGED and DECREED that Plaintiffs' Complaint be and the same is hereby DISMISSED WITH PREJUDICE. The prior judgment of this Court in case number CV-88-509-PH shall remain in full force and effect except as hereinafter set forth. The Plaintiffs are hereby ENJOINED from interfering in any unlawful way with the Defendants' title to the residential property known as 249 Dyas Drive, Montgomery, Alabama. While this Court finds that setting aside the default is neither justified nor warranted under the facts of this case, the Court will give the Plaintiffs, Robert Lee Hall and Jessie Mae Hall, an opportunity to be heard on the monetary damages award. This case is therefore set for a hearing on damages on the 10th day of August 1990, at 8:45 a.m."[3]
In reviewing the denial of a Rule 60(b) motion, we look to see whether the trial court abused its discretion. DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala. 1990). To prevail on a Rule 60(b) motion, "[a] defaulting party seeking to have a default judgment set aside must prove one of the grounds for relief set out in the rule, and must allege and prove a meritorious defense to the action." Surette v. Brantley, 484 So.2d 435, 435-36 (Ala.1986) (citation omitted). In addition to the six enumerated grounds, Rule 60(b) also provides, "This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment... to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."
"Fraud on the court" has been defined as "fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." 7 J. Moore, Moore's Federal Practice § 60.33 (2nd ed. 1990). Such fraud must be "extrinsic," that is, perpetrated to obtain the judgment, rather than "intrinsic." Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977). In discussing "fraud on the court," the Eleventh Circuit Court of Appeals stated:
"Perjury is an intrinsic fraud which will not support relief from judgment through an independent action. See United States v. Throckmorton, 8 Otto 61, 98 U.S. 61, 25 L.Ed. 93 (1878); see also Great Coastal Express [v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America], 675 F.2d [1349] at 1358 (4th Cir.1982); Wood v. McEwen, 644 F.2d 797 (9th Cir.1981). Under the Throckmorton doctrine, for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party. See Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 425, 43 S.Ct. 458, 465, 67 L.Ed. 719 (1923). Perjury by a party does not meet this standard because the opposing party is not prevented from fully presenting *1201 his case and raising the issue of perjury in the original action.
"`Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.... Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed by the normal adversary process.'
"Great Coastal Express, 675 F.2d at 1357."
Travelers Indemnity Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir.1985).
We find that the fraud alleged to have been exercised here, that Willie Mae characterized herself as L.C.'s widow when in fact she was not, is intrinsic rather than extrinsic and that it could have been brought out in the original action to which Robert and Jessie Mae chose not to respond. Thus, we hold that the trial court did not abuse its discretion in denying the Rule 60(b) motion.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur.
ALMON, J., concurs in the result.
ADAMS, J., dissents.
ADAMS, Justice (dissenting).
I respectfully dissent. The circumstances in this case demand equitable relief under Ala.R.Civ.P. 60(b)(6). Therefore, I would reverse the order refusing to set aside the default judgment, and I would remand the case for the entry of an order setting aside the default judgment and allowing the case to proceed to trial.
Rule 60(b)(6) authorizes the trial court to set aside a default judgment within a "reasonable time" after the entry of the judgment, for "any other reason justifying relief." (Emphasis added.) Although Rule 60(b)(6) is an extraordinary remedy, where it is available it provides a "`grand reservoir of equitable power to do justice.'"
Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963) (quoting 7 Moore, Federal Practice at 308 (1950)); see also 11 C. Wright & A. Miller, Federal Practice and Procedure § 2864, at 211-12 (1973). In this regard, Rule 60(b)(6) "has been construed as intending to `make available those grounds which equity has long recognized as a basis for relief.'" Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir.1965) (emphasis added); see also Reese v. Robinson, 523 So.2d 398, 400 (Ala.1988) (relief permitted "in exceptional circumstances when the party can show the court sufficient equitable grounds for relief").
Traditional equitable principles recognized a number of factors to be considered in ruling on a motion to set aside a judgment, such as, whether "the respondent was in a superior economic position to the complainant, as where he was the complainant's creditor or employer," or whether "the complainant could not secure proper advice or ... was ignorant and did not understand his rights." Restatement of Judgments § 129 comment e (1942). Subsection (6) thus authorizes relief from a judgment where the circumstances are "compelling" and the facts reveal "`something more'" than the grounds enumerated in subsections (1) through (5). 11 C. Wright & A. Miller, supra, § 2864, at 220 (quoting Bros Inc. v. W.E. Grace Mfg. Co., 320 F.2d 594, 609 (5th Cir.1963)); see also Glasscock v. Wallace, 488 So.2d 1346, 1348 (Ala.1986) (relief permitted in "unusual cases"). Because of a number of peculiarities presented by the facts of this case, I would hold that such equitable relief is warranted.
During the August 10, 1990, hearing on damages, Robert Hall, who, according to testimony, attended school through the eighth grade and who was unable to read, explained his reasons for the delay in his response to the representatives' claims as follows:
"A. Well, I know now but I did not know then. I worked for [the property]. I went through the legal procedure and bought the house, *1202 paying it every month. I was waiting on a subpoena, and I didn't know.
"Q. You thought you had to have a subpoena?
"A. That's what I was waiting on. I figured they would subpoena me to court. I know now, but I was waiting on a subpoena.
"Q. And that is the reason you didn't show up?
"A. That's right. I was waiting on a subpoena."
(Emphasis added.)
Jessie Hall testified in a similar manner:
"Q. Why didn't y'all respond to this?
"A. Because we knew the house was ours and we didn'tand we discussed it, and we said, `Well, let them take us to court. When they send us a subpoena, we will come.' Not having anything to do with the lawyer, and being involved with this before, we didn't know, so we just waited. But when [the tenants] brought that notice over, we knew we needed to do something.
"....
"A. Yeah, we say if her lawyer has gone down and gone through the record and see that the house is ours, we felt that the judge could see on the record where it shows that it was our house. We figured it wouldn't be a case in the first place, but evidently we were wrong."
Although equity traditionally recognized the absence of education and legal sophistication as factors to be considered in ruling on a motion for relief from judgment, those factors take on even greater significance in view of the manner in which the representatives' claims were presented in this case.
The complaint was framed in three counts. Count one requested the imposition of a "constructive trust on the residential property and contents of the house... for the benefit of the estate." Count two requested the imposition of a "purchase money resulting trust in favor of the deceased L.C. Hall, Sr." Count three requested a "purchase money resulting trust in favor of the deceased Barnett Hall." The complaint thus expressly set forth counts sounding only in equity. Although the complaint alleged facts that, if proven, would support an action for fraud or conversion, with the consequent possibility of punitive damages, some considerable degree of education and legal sophistication is required to discern such claims from the language employed in the complaint.
Furthermore, although the representatives rely on the trial judge's conclusion that the "result would be the same even if the default had not been issued," it is evident that, in this case, the evidentiary hearings could not cure the mischief of an untimely judgment. It is well settled that a motion for relief from judgment under Rule 60(b) is not a substitute for appeal. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981); Harper Plastics, Inc. v. Replex Corp., 382 So.2d 556 (Ala.1980); McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). The only reviewable issue is whether the trial judge abused his discretion in refusing to reopen the case. Ex parte Dowling, 477 So.2d 400 (Ala.1985); Ex parte Morton, 403 So.2d 235 (Ala.1981); Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App.1976). Consequently, issues such as the sufficiency of the evidence or the excessiveness of the verdict are not presented for substantive appellate review. Menefee v. Veal, 484 So.2d 437 (Ala.1986); American Home Assurance Co. v. Hardy, 378 So.2d 710 (Ala. 1979). This factor is particularly significant in a case such as this, which involves a substantial award of punitive damages.
The right to a review by this Court of a punitive damages award is an important one, as was acknowledged in Pacific Mut. Life Ins. Co. v. Haslip, ___ U.S. ___, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). In that case, the United States Supreme Court expressly recognized the potential for "extreme results" as a consequence of "unlimited judicial discretion ... in the fixing of punitive damages." Id. at ___, 111 S.Ct. at 1043 (emphasis added). The Court stated that "[b]y its review of punitive awards, the Alabama Supreme Court provides an additional check on the jury's or trial *1203 court's discretion." Id. at ___, 111 S.Ct. at 1045 (emphasis added). After reviewing the standards and safeguards we discussed and applied in Aetna Life Insurance Co. v. Lavoie, 505 So.2d 1050 (Ala.1987), and Central Alabama Electric Cooperative v. Tapley, 546 So.2d 371 (Ala.1989), the Court stated:
"The application of these standards, we conclude, imposes a sufficiently definite and meaningful constraint on the discretion of Alabama fact finders in awarding punitive damages. The Alabama Supreme Court's post-verdict review ensures that punitive damages awards are not grossly out of proportion to the severity of the offense and have some understandable relationship to compensatory damages."
Id. ___ U.S. at ___, 111 S.Ct. at 1045 (emphasis added).
The review that the United States Supreme Court found "sufficiently definite and meaningful" is nonexistent, however, in cases such as the one under consideration. That fact was apparently ignored by the majority in its consideration of the propriety of the trial judge's refusal to set aside the default judgment.
In reviewing the judgment of the trial court denying the requested relief, moreover, this Court must "attempt to balance the desire to remedy injustice against the need for finality of judgments." Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978). In my opinion, the majority failed to consider adequately the level of sophistication of the defaulting parties, the nature of the claims and the manner in which they were prosecuted, the conflict in the evidence and testimony, the time that elapsed between the entry of the judgment and the response of the defaulting parties, the amount and nature of the judgment, and the unavailability of appellate review. Therefore, I respectfully dissent.
NOTES
[1] Although styled a "Bill in the Nature of a Bill of Review or in the Alternative a Bill of Review," the trial court treated Robert and Jessie Mae Hall's pleading as an independent action under Rule 60(b), and we are treating it as such on appeal. Therefore, our review of this case is limited to the propriety, vel non, of the denial of the Rule 60(b) motion and does not concern the merits of the underlying judgment Robert and Jessie Mae sought to have set aside. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala. 1989).
[2] On March 17, 1989, the trial court amended that order to provide for a register's deed instead of a general warranty deed.
[3] After the damages hearing, the trial court, on September 7, 1990, set aside the award of attorney fees and reduced the amount of damages previously awarded to $25,000. We note that, although the July 31 order dismissed Robert and Jessie Mae's complaint in all respects, except as to damages, the September 7 order was the final judgment for purposes of appeal.