ROBERTSON, Presiding Judge.
Larry Greathouse, individually and on behalf of a class of similarly situated persons, appeals from a judgment of the Walker County Circuit Court dismissing, among other things, his claims of fraud against Alfa Financial Corporation (“Alfa”). We affirm.
Greathouse filed his complaint in the trial court on January 26, 1998, alleging that he had borrowed money from Alfa and that Alfa had filed a collection action against him in August 1995 supported by an affidavit containing false representations concerning Alfa’s licensure status under the Alabama Consumer Credit Act, § 5-19-1 et seq. (the so-called “Mini-Code”). He further alleged that a default judgment had been taken against him in the amount of $6,779.10 based upon the statements made in the affidavit, and that the affidavit constituted a fraud upon the court. He sought to set aside the default judgment in the collection action, as well as in each collection action involving a judgment against a similarly situated debt- or, and sought compensatory and punitive damages on behalf of himself and a putative class of similarly situated debtors.
Alfa filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala.R.Civ.P., alleging that the action failed to state a claim upon which relief could be granted. In its motion to dismiss, Alfa asserted and argued that Greathouse’s action was a compulsory counterclaim that should have been presented in the collection action, but that it was not presented therein; that his claims were barred by the doctrine of res judica-ta; that his claims were untimely; and that his claims challenged Alfa’s failure to obtain a license under the Mini-Code and were therefore not permissible under the Mini-Code as amended. Greathouse filed a response to Alfa’s motion, contending that his complaint was based upon Alfa’s alleged fraudulent misrepresentations to the trial court in the collection action rather than Alfa’s licensure status at that time. The trial court, in a nine-page judgment, granted Alfa’s motion to dismiss; it not only adopted the grounds suggested by Alfa’s motion, but also concluded that Greathouse’s failure to appear or otherwise defend himself in the collection action constituted a waiver of his right to challenge Alfa’s alleged failure to comply with the Mini-Code’s licensure requirements.
After his post-judgment motion to alter, amend, or vacate the judgment of dismissal had been denied, Greathouse appealed from this judgment to the Alabama Supreme Court; that court transferred the *1015 appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The applicable standard of review with respect to the trial court’s judgment of dismissal is as follows:
“On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted).
At the time Alfa filed its collection action against Greathouse, the Mini-Code required all creditors engaging in the business of making consumer loans or taking assignments of consumer credit contracts to obtain a license from the state superintendent of banks for “each location.” Section 5-19-22(a), Ala.Code 1975 (emphasis added). In addition, before its repeal in 1996, § 5-19-ll(a), Ala.Code 1975, required a creditor filing an action for collection of any debt to file an affidavit stating, among other things, that “[t]here has not been a violation of the provisions of this chapter [i.e., the Mini-Code].” Thus, as a condition precedent to the filing of its collection action against Greathouse, and to the trial court’s entry of a judgment against Greathouse, Alfa would have been required to affirm that it had not violated the Mini-Code in extending credit to Greathouse, including those provisions of the Mini-Code requiring licensure of “each location” where it did business. However, Greathouse alleged in his complaint that Alfa did not have a valid Mini-Code license except for its location in Montgomery, and that because Alfa’s loan to him was not made at the Montgomery office, Alfa’s statement in its affidavit filed in support of its collection action — that it had not violated the Mini-Code — was false.
Greathouse contends that Alfa and the trial court have misconstrued his claims as seeking relief under the Mini-Code for Alfa’s failure to obtain a Mini-Code license for each location. He does not contend that the 1996 amendment to § 5-19-19(b), Ala.Code 1975, stating that “no private cause of action exists against a creditor for failing to obtain a license required by Section 5-19-22” and expressly providing for retroactive effect, does not apply to his claim, which was filed in 1998. Compare Smith v. Alfa Fin. Corp., [Ms. 2960467, Oct. 3, 1997] — So.2d-(Ala.Civ.App. 1997) (holding that retroactive application of amendment to § 5-19-19(b) to action filed before its effective date violated § 95 of the Alabama Constitution), aff'd, [Ms. 1970597, Aug. 21, 1998] — So.2d -— (Ala.1998). Rather, Greathouse contends that the gist of Alfa’s wrong is its subsequent “fraud upon the court” in affirming that it had not violated the Mini-Code.
We agree with Greathouse that, viewed in a light “most strongly in [his] favor” (Nance, 622 So.2d at 299), his complaint does seek equitable relief from the judgment in the collection action and compensatory and punitive damages based upon the falsity of Alfa’s affidavit (i.e., its alleged “fraud upon the court”), rather than Alfa’s alleged failure to comply with the licensing provisions of the Mini-Code. We note that Rule 60(b), Ala.R.Civ.P., preserves the right of a party to maintain an independent action “to set aside a judgment for fraud upon the court” within three years of the entry of the judgment. Because Greathouse filed this action less than three years after the collection action was filed (and thus necessarily within three years after the default judgment in that action was entered), his action may be *1016 viewed as a timely effort to seek equitable relief based upon Alfa’s alleged fraud upon the court.
However, merely because Greathouse has characterized Alfa’s conduct as a “fraud upon the court” does not make it so. In Hall v. Hall, 587 So.2d 1198 (Ala.1991), the Alabama Supreme Court addressed a similar question. In that casé, a personal representative of a decedent’s estate who had filed a constructive-trust action allegedly represented to the court that she was the widow of the decedent when she, in fact, was divorced from the decedent at the time of his death. After a default judgment was entered against the defendants because they had not responded to the complaint, they filed an independent action to set aside the judgment, alleging that the personal representative’s representations constituted fraud upon the court. The Alabama Supreme Court affirmed a judgment dismissing the' independent action, reasoning as follows:
“ ‘Fraud on the court’ has been defined as ‘fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.’ 7 J. Moore, Moore’s Federal Practice § 60.33 (2nd ed.1990). Such fraud must be ‘extrinsic,’ that is, perpetrated to obtain the judgment, rather than ‘intrinsic.’ Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977). In discussing ‘fraud on the court,’ the Eleventh Circuit Court of Appeals stated:
“ ‘Perjury is an intrinsic fraud which will not support relief from judgment through an independent action. See United States v. Throckmorton, 8 Otto 61, 98 U.S. 61, 25 L.Ed. 93 (1878); see also Great Coastal Express [v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America ], 675 F.2d [1349] at 1358 (4th Cir.1982); Wood v. McEwen, 644 F.2d 797 (9th Cir.1981). Under the Throckmorton doctrine, for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party. See Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 425, 43. S.Ct. 458, 465, 67 L.Ed. 719 (1923). Perjury by a party does not meet this standard because the opposing party is not prevented from fully presenting his ease and raising the issue of perjury in the original action.
“ ‘ “Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.... Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed by the normal adversary process.”
“ ‘Great Coastal Express, 675 F.2d at 1357.’
“Travelers Indemnity Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir.1985).
“We find that the fraud alleged to have been exercised here, that [the personal representative] characterized herself as [the decedent’s] widow when in fact she was not, is intrinsic rather than extrinsic and that it could have been brought out in the original action to which [the defendants] chose not to respond.”
587 So.2d at 1200-01.
Similarly, the falsity of Alfa’s statements concerning its compliance with the Mini-Code could have been exposed in its collection action against Greathouse. However, like the defendants in Hall, Greathouse allowed a default judgment to be taken against him rather than defending the action on the merits. Section 5-19-11(a), Ala.Code 1975, formerly provided for abatement of a collection action if a violation of the Mini-Code existed; thus, Alfa’s *1017 compliance with the licensing provisions of the Mini-Code was directly in issue in its collection action, or at the least could have been put in issue by reasonable diligence[1] on the part of Greathouse. Hall, 587 So.2d at 1200. We are aware of no reason, and Greathouse offers none, why Alfa’s representation may be classified among the “more egregious forms of subversion of the legal process” that cannot reasonably be expected “to be exposed by the normal adversary process.” 587 So.2d at 1201. For these reasons, we cannot conclude that Greathouse’s action is cognizable as an independent equitable action to set aside the judgment under Rule 60(b) for fraud upon the court.
In addition to requesting that the judgment in the collection action be set aside, Greathouse sought compensatory and punitive damages because of Alfa’s allegedly false statements in its affidavit. However, our supreme court has recognized that “as a general rule ... no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn.” Parker v. Parker, 518 So.2d 694, 694 (Ala.1987) (affirming dismissal of claim by former husband against former wife alleging that she had perjured herself during their divorce proceedings and had thereby committed a fraud upon the court, to his detriment). Greathouse did not allege any facts that would take his case outside this rule; therefore, the trial court properly dismissed his complaint to the extent that he sought damages and allied equitable relief based upon Alfa’s alleged false statements. Parker, 518 So.2d at 694.
Based upon the foregoing facts and authorities, we conclude that Greathouse did not state a valid claim upon which relief could be granted. Moreover, because Greathouse’s individual claim did not state a cause of action, he is not an adequate representative of the putative class he seeks to represent, and the dismissal was therefore proper as to the class claims as well. See J.M.R. v. County of Talladega, 686 So.2d 209, 211 n. 2 (Ala.1996); see also Wilson v. First Union Nat’l Bank of Ga., 716 So.2d 722 (Ala.Civ.App.1998) (affirming dismissal of claims of putative class after determining that class representative did not state valid claim). Therefore, the trial court’s judgment of dismissal is due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. Not only would a discovery request directed to Alfa in the collection action necessarily have been “reasonably calculated to lead to the discovery of admissible evidence,” see Rule 26(b)(1), Ala.R.Civ.P., but a simple examination of Alfa’s pertinent business location would have likely revealed whether Alfa had obtained a Mini-Code license for that location. See § 5 — 19—22(g), Ala.Code 1975 (requiring posting of Mini-Code license "conspicuously in the place of business of the licensee”).