On Application for Rehearing

MOORE, Judge.
This court’s opinion of April 20, 2012, is withdrawn, and the following is substituted therefor.
Charles McGee (“the former husband”) appeals from a judgment of the DeKalb Circuit Court (“the trial court”) granting a Rule 60(b), Ala. R. Civ. P., motion filed by Karen McGee Bevill (“the former wife”) and awarding her an interest in certain real property. We dismiss the appeal.

Facts and Procedural History

According to the former wife, the former husband purchased certain real property located in Fort Payne (“the subject property”) at a land-sale auction in 1990, while the parties were still married, and, she says, he came home from the auction, informed her that he had purchased the subject property, and drove her by the subject property. The former wife testified that the former husband informed her that he had paid $205,000 for the subject property and that “David Hammonds would be in on it.” The former wife stated that the subject property adjoins property owned by Irby Harris and is located next to Interstate 59.
The former wife testified that she and the former husband separated in 1994. She admitted as evidence a portion of the former husband’s deposition, taken on June 28, 1994, pursuant to the parties’ divorce action, in which the former husband testified, in response to questions by the former wife’s attorney, that he did not have “some property adjoining an Irby Harris.” He stated in his deposition that he had gone into a venture with David Hammonds to purchase property, that he had never completed the transaction, and that the property had never been purchased. The former wife testified that her attorney had been referring to the subject property when questioning the former husband during his deposition. According to the former wife, after the former husband’s deposition was taken, she visited the probate office and discovered that no deed had been recorded transferring the subject property to the former husband. The former wife testified that there was no mention during the divorce trial of the subject property.
On June 14,1996, the trial court entered a divorce judgment divorcing the former wife and the former husband; among other things, that judgment stated:
“The Court finds that all real property titled in the name of Charles A. McGee, individually or jointly with his Former Wife, Karen E. McGee, is marital property subject to equitable division thereof according to the laws to the State of Alabama in the discretion of this Court. The Court has fashioned the property division provided for herein in the manner determined by the Court to be protective of the Former Wife, the minor children including their homestead; to conclude this matter within a reasonable time; and, to avoid continued controversies over the property acquired during the marriage of the parties.”
The divorce judgment awarded the former wife an interest in several specified parcels of real property, but it did not list the subject property. The divorce judgment awarded the former husband “all other real property titled in his name individually or jointly with [the former wife].”
According to the former wife, in 2006, her father telephoned her and informed her that a story on the front page of the Fort Payne Times-Journal, the local newspaper, indicated that the former husband *134 had presented a deed for the subject property; that story, submitted as evidence by the former wife, was published on January 26, 2006. The former wife also submitted as evidence a copy of the deed, which was executed on September 10, 1990, and signed by David Hammonds, conveying a one-half interest in the subject property to the former husband. The deed was recorded on January 23, 2006.
On February 6, 2006, the former wife filed a complaint in the trial court requesting, among other things, that the trial court partially set aside the parties’ divorce judgment and award her an equitable interest in the subject property or any proceeds derived from the sale of the subject property, pursuant to Rule 60(b), Ala. R. Civ. P. On March 24, 2006, the former husband filed an answer to the former wife’s complaint, asserting, among other things, that the action was barred by the statute of limitations, that the action was time-barred by Rule 60(b), that the former wife had been aware of his ownership in the subject property at all times, that he had referred to an unrelated negotiation in his deposition during the parties’ divorce case, and that he had never denied his interest in the subject property.
The DeKalb circuit-court judges recused themselves from hearing the present case based on the former husband’s having practiced for years as an attorney before them.[1] On October 18, 2006, the Chief Justice of the Alabama Supreme Court assigned the case to Allen Millican, the presiding circuit judge of Etowah County.[2] On August 18, 2010, the former wife filed a motion requesting the trial court to set the case for a trial; in that motion, the former wife indicated that, in an unrelated action, the DeKalb Circuit Court had declared the former husband “to have an undivided one-half interest in the real property which is the subject of this litigation” and that that judgment was final.
The trial court conducted a trial in Gadsden, which is located in Etowah County, on August 4, 2011; the former husband did not attend. On August 8, 2011, the trial court entered a judgment that stated, in pertinent part:
“1. The Court finds that the [former husband] fraudulently misrepresented and fraudulently concealed his ownership interest in the real property described in the deed attached as Exhibit A to this Judgment (‘the subject property) during the divorce proceedings between the parties in the Circuit Court for DeKalb County, Alabama, Case No. DR-94-098 (‘the divorce case’), in order to avoid an equitable division of this marital property in the divorce. The [former husband’s] fraud during the divorce, together with his failure to record his 1990 deed to the subject property until January 2006, prevented the [former wife] from discovering [his] fraud until that date, at which time the [former wife] immediately filed her Complaint.
“2. It appearing that the [former husband’s] fraud prevented the Court in the divorce case from making an equitable division of the subject property, the Court hereby grants the relief requested by [the former wife] in her complaint and divides said property equally between the [former wife] and the [former husband]. [The former wife] is hereby awarded an undivided one-half interest *135 in the [former husband’s] undivided one-half interest in the subject property, and any provision of the judgment in the divorce case which could be construed to have awarded this property to the [former husband] during the divorce is declared of no effect.
“3. In aid of this Judgment, the Clerk or Register of DeKalb County, Alabama, is ordered to execute a Clerk’s or Register’s Deed conveying an undivided one-half interest in the [former husband’s] undivided one-half interest in the subject property to the [former wife].... ”
The trial court denied all other relief requested by the parties and taxed costs against the former husband.
On September 19, 2011, the former husband filed a notice of appeal to this court. Also on September 19, 2011, the former husband purported to file a “motion to alter, vacate or amend and motion for new trial” under Rule 60(b).[3]

Discussion

The former husband raises two issues on appeal. First, he asserts that the trial court erred in granting the former wife’s motion to amend or modify the parties’ divorce judgment “due to the fact that the undisputed evidence was that the action was not timely filed as alleged in the answer filed in response to the complaint and was not the type of fraud to accord relief under the facts.”[4] Second, he argues that the judgment is void because the trial court held the trial outside DeKalb County. We pretermit consideration of the second issue because we find the first issue dispositive.
Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3)years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
The former wife filed an independent action seeking relief from the judgment. She asserts that the former husband committed “fraud upon the court” by perjuring *136 his testimony to lead the former wife to believe that he had not acquired an interest in the subject property during their marriage.
In Hall v. Hall, 587 So.2d 1198 (Ala.1991), this court stated:
“ ‘Fraud on the court’ has been defined as ‘fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.’ 7 J. Moore, Moore’s Federal Practice § 60.38 (2nd ed.1990). Such fraud must be ‘extrinsic,’ that is, perpetrated to obtain the judgment, rather than ‘intrinsic.’ Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977). In discussing ‘fraud on the court,’ the Eleventh Circuit Court of Appeals stated:
“ ‘Perjury is an intrinsic fraud which will not support relief from judgment through an independent action. See United States v. Throckmorton, 8 Otto 61, 98 U.S. 61, 25 L.Ed. 93 (1878); see also Great Coastal Express [v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America ], 675 F.2d [1349] at 1358 (4th Cir.1982); Wood v. McEwen, 644 F.2d 797 (9th Cir.1981). Under the Throckmorton doctrine, for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party. See Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 425, 43 S.Ct. 458, 465, 67 L.Ed. 719 (1923). Perjury by a party does not meet this standard because the opposing party is not prevented from fully presenting his case and raising the issue of perjury in the original action.
“ ‘ “Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.... Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed by the normal adversary process.”
“ 'Great Coastal Express, 675 F.2d at 1357.’
“Travelers Indemnity Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir.1985).”
587 So.2d at 1200-01.
The former wife cites United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878), for the following proposition:
“Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client’s interest to the other side, these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.”
98 U.S. at 65-66. The former wife argues that the former husband prevented her from “exhibiting fully [her] case” by deceiving her regarding his interest in the subject property and thereby causing the judge in the divorce case to divide their *137 marital estate without reference to the subject property. We note, however, that, directly following the above-quoted language in Throckmorton, the United States Supreme Court stated: “On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or peijured evidence, or for any matter which was actually presented and considered in the judgment assailed.” 98 U.S. at 66 (emphasis added). Thus, the discussion in Throckmorton is consistent with that in Hall.
The former wife asserts also that, because the former husband was a practicing attorney at the time he misrepresented his ownership of the subject property, his perjury constituted a “fraud on the court” in accordance with the definition stated in Hall. The United States Supreme Court has recognized that an attorney may function as an “officer of the court” in some capacities, while not in others. See Imbler v. Pachtman, 424 U.S. 409, 431 n. 33, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (noting prosecutor’s separate functions as an “administrator” and as an “officer of the court”). We agree also with the United States District Court of Maine in Glenwood Farms, Inc. v. O’Connor, 666 F.Supp.2d 154, 179-80 (D.Me.2009), in its decision declining to interpret “ ‘attorney’ to include anyone -with a bar membership, notwithstanding their role as a witness, party, or representative of a party,” and inferring that, “whereas the involvement of an attorney in a representative capacity impairs the ordinarily adequate mechanisms of discovery and cross-examination, the involvement of attorneys as witnesses and parties does not.” We conclude, therefore, that the former wife’s argument is without merit and that the former husband’s profession as an attorney does not necessitate that any perjury committed by him as a party rises to the level of fraud upon the court.
In Ex parte Third Generation, Inc., 820 So.2d 89, 90 (Ala.2001), the Alabama Supreme Court observed that “perjury is not a fraud on the Court, ... but intrinsic fraud, which is a Rule 60(b)(3)[, Ala. R. Civ. P.,] ground.” A Rule 60(b)(3) motion must be filed within four months of the entry of the judgment being assailed. Id. The former wife cannot rely on any longer limitations period applicable to independent actions based on fraud upon the court. Because the former wife’s Rule 60(b)(3) motion was not filed within four months of the entry of the parties’ divorce judgment, we conclude that the motion was not timely filed.
On rehearing, the former wife argues that this conclusion is inconsistent with the holding in Brice v. Brice, 340 So.2d 792 (Ala.1976). We disagree. In Brice, the circuit court that had earlier divorced the parties and divided their property set aside its divorce judgment based on a specific finding that Mrs. Brice had defrauded the court by failing to disclose a number of debts for which Mr. Brice generally had been made responsible in the judgment. On appeal, this court did not modify nor question the factual findings of the circuit court that Mrs. Brice had practiced a fraud upon the court. 340 So.2d at 794. Thus, the appeal concerned solely a question of law, namely whether Mr. Brice had timely filed a motion under Rule 60(b) to set aside the divorce judgment that had been procured by fraud upon the court. This court decided that question adversely to Mr. Brice. On certiorari review, our supreme court reversed this court’s judgment, reasoning that the Rule 60(b) motion should be considered an independent action that was filed well within the three-year period set out in the next to last *138 sentence of Rule 60(b). 340 So.2d at 794-95.
In this case, on the other hand, the former husband has consistently maintained that he did not commit a fraud upon the court by failing to disclose his interest in the subject property. His primary issue on appeal concerns whether his alleged failure to disclose his interest in the subject property during the original litigation amounts to “fraud upon the court” that would justify a Rule 60(b) independent action to set aside the divorce judgment dividing the parties’ marital property. As shown above, any such perjury would not constitute fraud upon the court, so this court does not accept the trial court’s finding in that regard. Moreover, although the former wife asserts that “[t]here is no legal difference between the wife’s fraudulent written statements in Brice concerning all her debts, and the former husband’s fraudulent oral statements in this case concerning all his real estate,” we note that the former was asserted in Brice in a settlement agreement that was presented to the court for approval while, in the present case, the former husband’s perjury was committed against the backdrop of a contested trial. Thus, the opportunity to “root out” the perjury, see Hall, supra, was far more available in the present case and, unlike in Brice, the subject of the former husband’s testimony, i.e., the subject property, was made an issue during his deposition testimony. We conclude, therefore, that our holding in this case does not conflict with the holding in Brice, and we maintain our conclusion that the former wife’s motion was not timely filed.
“A trial court lacks jurisdiction to consider an untimely Rule 60(b)[, Ala. R. Civ. P.,] motion.” Noll v. Noll, 47 So.3d 275, 279 (Ala.Civ.App.2010). Thus, the trial court lacked jurisdiction to enter its August 8, 2011, judgment in the present case. “A judgment entered without jurisdiction is void.” Id. Because “[a]n appeal will not lie from a void judgment,” Harvey v. City of Oneonta, 715 So.2d 779, 781 (Ala.1998), we dismiss this appeal, albeit with instructions to the trial court to vacate its August 8, 2011, judgment.
APPLICATION GRANTED; OPINION OF APRIL 20, 2012, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. The DeKalb circuit-court judges had similarly recused themselves from hearing the parties’ original divorce case.

. Because Judge Millican was sitting as a judge for the DeKalb Circuit Court, any references hereinafter to "the trial court” continue to be references to the DeKalb Circuit Court.

. The former husband asserts in his brief to this court, in the section entitled "statement of the case,” that consideration of his Rule 60(b) motion "was stayed by the filing of this appeal." We disagree. In C.T.J. v. A.S.J., 816 So.2d 61, 63 n. 1 (Ala.Civ.App.2001), this court stated: "The husband filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., on the same day as his notice of appeal; however, that filing is a nullity because leave of this court was not obtained. See Glenn v. Glenn, 740 So.2d 417 (Ala.Civ.App.1999).” Similarly, the former husband failed to obtain leave of this court to file his Rule 60(b) motion; thus, that motion is a nullity.

. To the extent the former wife asserts that the former husband failed to raise before the trial court his argument that the former wife’s complaint was not timely filed pursuant to Rule 60(b), we note that the former husband specifically asserted in his answer that the former wife’s complaint was time-barred by Rule 60(b); thus, the former husband did raise the issue before the trial court.