232 So.2d 685

Robert James ROWAN

v.

Sandra ROWAN.

7 Div. 5.

Court of Civil Appeals of Alabama.

March 4, 1970.

John R. Phillips, Anniston, for appellant.

No brief filed for appellee.

BRADLEY, Judge.

Sandra Rowan, the complainant, commenced this suit by filing a bill of complaint in the Circuit Court of Calhoun County, Alabama, in Equity, seeking a divorce from her husband, Robert James Rowan, on the ground of cruelty.

To the original bill of complaint, respondent demurred. Said demurrer was subsequently overruled.

The respondent then filed an answer to the bill of complaint, and a cross-bill of complaint, seeking a divorce from the complainant on the ground of adultery.

· The complainant thereupon filed a demurrer to the cross-bill of complaint which was later overruled.

There was no answer filed by the cross-respondent-complainant to the cross-bill.

In the original bill of complaint there was a request for alimony pendente lite and child support. This request was referred to the register for a reference. Upon the conclusion of the reference, the register denied the requested alimony pendente lite and child support. Exceptions were duly made, and the court confirmed the reference as to the temporary alimony, but did order child support payments of $12.50 weekly.

The case on its merits was heard by the court ore tenus, and at the conclusion thereof, it rendered a decree denying a divorce to either party, but did award custody of the only child of the marriage to the complainant, and decreed child support in the amount of $20.00 per week. There were also decreed certain visitation privileges for both complainant and respondent.

The respondent then filed a motion to set aside the decree.

While this motion was pending, the complainant filed an application for rehearing and moved to set aside the original decree.

While the petitions seeking to set aside the original decree were pending, complainant filed a motion to modify the original decree so far as custody and visitation privileges were concerned, and respondent moved the court to dismiss the motion asking for a modification of the original decree.

The court then overruled the motions or petitions of both parties seeking a rehearing of the original decree.

However, the original decree, as it pertained to child support and visitation privileges, was modified so that $22.00 per week child support was awarded and the visitation privileges were altered so that it would be more convenient for the parties to enjoy the company of the child, and also to avoid disrupting the child's routine any more than was absolutely necessary.

The respondent then appealed to the Supreme Court of Alabama from the final decree of the court dated September 19, 1968.

The case was subsequently transferred to this court from the Supreme Court.

The appellant filed eight assignments of error.

Assignment of error eight was expressly waived in brief and will, therefore, not be considered.

Assignments of error one, two, three, five and seven were argued together, and all of them relate to the refusal of the trial court to grant a divorce to the respondent-appellant on the ground of adultery.

The complainant sought a divorce from the respondent on the ground of cruelty resulting from so-called "unnatural sex acts," and respondent thereupon sought a divorce from the complainant on the ground of adultery.

The case was well tried and ran into some length—the transcript of the testimony is 404 pages long.

We have carefully read and examined the testimony of this case, particularly as it relates to appellant's assignments of error above referred to, and we found the evidence to be gravely insufficient so far as it related to adultery on the part of the appellee.

To delineate the evidence that relates to the question of adultery would serve no useful purpose in the decision of this case, and we will not do so.

Moreover, a reversal of the trial court on this issue would require us to find from the evidence that it plainly and palpably abused its discretion in refusing to grant a divorce to appellant as a result of the alleged adultery of appellee. Sills v. Sills, 246 Ala. 165, 19 So.2d 521. This we cannot do.

We, therefore, conclude that the trial court was not in error in refusing to grant appellant a divorce based on the so-called adultery of appellee.

Assignment of error four raises the question of the fitness of the appellee to have custody of the minor child because of the allegation of adultery in appellant's cross-bill.

In view of our holding on the question of adultery, we do not think further review of this assignment is necessary. Suffice it to say, however, that we, after diligent search, can find no evidence of unfitness on the part of the mother to have custody of her child.

We find no error on the part of the trial court in this regard.

In his assignment of error six, appellant contends the trial court erred in modifying the original decree while motions were pending seeking rehearings or new trials.

In its decree of February 13, 1969 the trial court first disposed of the motions for rehearing by overruling them, and then it took up the petition seeking a modification of the original decree as it related to child support and visitation privileges.

It is quite clear to this court that the motions for rehearing were disposed of prior to a ruling on the petition for modification of the original decree. We find no error in this aspect of the case.

There being no error in this case, it is affirmed.

Affirmed.