Henry Brooks Cleveland ("H.B. Cleveland"), individually and as executor of the estate of Mabel Cleveland, appeals from a judgment apportioning estate tax liability among various trusts and estates. Compass Bank (successor to Central Bank), as trustee of certain trusts and as executor of the estate of Henry Fling Cleveland ("H.F. Cleveland"), filed a declaratory judgment action for a determination as to which estate or trust owed certain estate taxes. Compass Bank also appeals from the judgment. These appeals involve the estates of H.F. Cleveland, who died July 9, 1988, and his wife Mabel Brooks Cleveland ("Mabel Cleveland"), who died January 15, 1990. Also involved is a revocable inter vivos trust created by H.F. Cleveland on July 8, 1985 ("H.F. Cleveland Trust"), and an irrevocable intervivos trust created by Mabel Cleveland on July 15, 1986 ("Mabel Cleveland Trust"). The Q-TIP[1] portion of the H.F. Cleveland Trust and all of the Mabel Cleveland Trust were included in Mabel Cleveland's gross estate. The issues concern the apportionment of estate tax liability of Mabel Cleveland's estate among the H.F. Cleveland Trust, the Mabel Cleveland Trust, and the estate of Mabel Cleveland.
Under the terms of the H.F. Cleveland Trust, H.F. Cleveland was to receive income for his lifetime. Upon his death, Mabel Cleveland was to receive income for her lifetime. Upon her death, income from the H.F. Cleveland Trust was to be paid to H.B. Cleveland, the couples' only child. Upon the death of H.B. Cleveland, the remainder of the H.F. Cleveland Trust was to be paid to another trust called the "Henry Fling Cleveland Trust," a charitable trust for the benefit of Birmingham-Southern College and First United Methodist Church of Birmingham. Compass Bank was also named trustee of the Henry Fling Cleveland Trust.
After H.F. Cleveland's death on July 9, 1988, his will and codicils were offered for probate. In his will, H.F. Cleveland directed that his executor make a Q-TIP election after considering the best interests of his family. Central Bank elected to treat a fractional part of the H.F. Cleveland Trust as "qualified terminable interest property" ("Q-TIP"), qualifying this part of the H.F. Cleveland Trust for the marital deduction under I.R.C. § 2056(b)(7). The total Q-TIP portion of the H.F. Cleveland Trust is approximately $2.9 million.
As suggested above, a Q-TIP election bears on the right to exercise the marital deduction of I.R.C. § 2056(b)(1) with regard to property that would not otherwise qualify for it. The general rule of I.R.C. § 2056(b)(1) provides that an interest passing to a spouse does not qualify for the marital deduction (1) if the interest is terminable, (2) if the decedent has also given an interest in the property to another, and (3) if upon the termination or failure of the spouse's interest, the other person comes into possession or enjoyment of the property by way of his interest. In 1981, Congress enacted the Qualified Terminable Interest Property provision, creating an exception to this rule, whereby an executor may elect to treat a life estate as a non-terminable interest. I.R.C. § 2056(b)(7). The exercise of this election and the taking of the marital deduction have the legal effect of removing this Q-TIP property from the estate of the creator of the Q-TIP property and including it in the estate of the recipient spouse when he or she dies.
To ameliorate the tax burden caused to the spouse in whose gross estate the Q-TIP property is included, Congress enacted I.R.C. § 2207A. Section 2207A provides that if a decedent's gross estate includes any Q-TIP property, the executor or administrator may recover the amount of estate tax attributable to the inclusion of that property from a "person receiving the property," unless the decedent's will provides otherwise. A "person *Page 1136 
receiving the property" is defined to include the trustee of a trust holding the Q-TIP property at the time of the decedent's death and any person receiving a distribution of such property if the property does not remain in trust.
The equitable life estate of Mabel Cleveland was by definition a terminable interest, which would not otherwise qualify for the marital deduction. To allow the estate of H.F. Cleveland to take the marital deduction with regard to this part of the estate, Central Bank made the Q-TIP election. The effect of the exercise of the Q-TIP election and the marital deduction was that the estate of H.F. Cleveland did not pay any estate tax and that the Q-TIP portion of the H.F. Cleveland Trust was included in the gross estate of Mabel Cleveland when she died.
On July 15, 1986, Mabel Cleveland created an irrevocableinter vivos trust, the Mabel Cleveland Trust, under which she retained a life income interest[2] and under which H.B. Cleveland was named trustee. Under the terms of the Mabel Cleveland Trust, upon the death of Mabel Cleveland the trust terminated and H.B. Cleveland received a distribution of the trust corpus. The Mabel Cleveland Trust provided that the trustee of the Mabel Cleveland Trust would "reimburse [from trust funds] the executor of Mabel Cleveland's estate for the proportionate part of death taxes paid by reason of the inclusion of such trust property [i.e., the property in the Mabel Cleveland Trust] in the gross estate" of Mabel Cleveland.
Compass Bank filed a declaratory judgment action to determine the respective liabilities of the estate of Mabel Cleveland, the H.F. Cleveland Trust, and the Mabel Cleveland Trust for the federal and Alabama estate taxes due on the estate of Mabel Cleveland. On November 18, 1991, the circuit court entered an order granting in part and denying in part a motion for a partial summary judgment filed by Compass Bank and the motion for a partial summary judgment filed by H.B. Cleveland. In that order, the circuit court correctly held that the H.F. Cleveland Trust was liable under § 2207A for that portion of the federal estate taxes attributable to the inclusion of the Q-TIP property in the estate of Mabel Cleveland, together with interest and penalties. The circuit court held that Compass Bank, as trustee, was liable for $867,407 in federal estate tax, exclusive of interest and penalties.
The circuit court also held that the estate of Mabel Cleveland was liable for all other federal and Alabama estate taxes other than that amount of federal and Alabama estate tax attributable to the inclusion in the estate of any property of the Mabel Cleveland Trust, whose payment the trustee of the Mabel Cleveland Trust was obligated to reimburse.
H.B. Cleveland's appeal raises the issue whether the H.F. Cleveland Trust is liable to the estate of Mabel Cleveland for Alabama estate tax attributable to the property included in her gross estate as a result of the Q-TIP election of the estate of H.F. Cleveland.
H.B. Cleveland argues that, as executor, he is entitled to recover from the H.F. Cleveland Trust the Alabama estate tax, in addition to the federal estate tax, attributable to the inclusion of the value of the Q-TIP property in the estate of Mabel Cleveland. He argues that I.R.C. § 2207A preempts the question of the apportionment of Alabama estate tax liability between the estate of Mabel Cleveland and the H.F. Cleveland Trust. H.B. Cleveland contends that I.R.C. § 2207A and26 C.F.R. § 20.2207A-1 govern apportionment of Alabama, as well as federal, estate tax liability attributable to the value of Q-TIP property, because, he says, I.R.C. § 2207A apportions "total tax," not just federal estate tax, liability.
Compass Bank counters with the argument that no federal or state statute and no provision of either Mabel Cleveland's will or the Mabel Cleveland Trust requires or allows the executor of the estate of Mabel Cleveland to recover Alabama estate tax attributable to Q-TIP property from the H.F. Cleveland Trust. Compass Bank contends first that *Page 1137 
I.R.C. § 2207A provides only for the recovery of federal estate tax attributable to Q-TIP property; § 2207A, it says, makes no mention of state estate tax. Second, Compass Bank argues that, absent a provision of a will stating otherwise, Ala. Code 1975, § 40-15-18, provides that all federal and state estate taxes are borne by the residue of the estate rather than being borne by or apportioned out of the property passing to legatees and other beneficiaries. Compass Bank notes that certain preferred claims, e.g., specific bequests and the share of a dissenting widow, are not burdened with estate taxes so long as the general or residuary estate is sufficient to pay the taxes, citing Cox v. United States, 421 F.2d 576 (5th Cir. 1970). Compass Bank contends that "[b]y analogy, property passing outside a will [i.e., Q-TIP property] is similar to a legacy or other preferred share since it is not burdened with the decedent's debts or administrative expenses. Like a widow's share, it should be preferred over the residuary or general estate in the payment of estate taxes, unless the decedent directs otherwise." Compass Bank argues, finally, that Alabama has had an opportunity to enact an equivalent to I.R.C. § 2207A, but has chosen not to do so. The applicable rule, Compass contends, is therefore the general rule of nonapportionment.
I.R.C. § 2207A states, in pertinent part:
"(a) Recovery with respect to estate tax.
 "(1) In general. If any part of the gross estate consists of property the value of which is includible in the gross estate by reason of section 2044 (relating to certain property for which marital deduction was previously allowed), the decedent's estate shall be entitled to recover from the person receiving the property the amount by which —
 "(A) the total tax under this chapter which has been paid, exceeds
 "(B) the total tax under this chapter which would have been payable if the value of such property had not been included in the gross estate.
 "(2) Decedent may otherwise direct by will. Paragraph (1) shall not apply if the decedent otherwise directs by will."
The Supreme Court of the United States in Riggs v. Del Drago,317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942), held that in the absence of congressional enactments to the contrary state law should govern the allocation of the burden of estate taxes. Thus, Alabama law must determine which of these parties is to bear the responsibility of paying the Alabama estate taxes.
Alabama has no special statute apportioning state estate tax liability attributable to the inclusion of the value of Q-TIP property in the estate of the decedent. Alabama, however, does have a general statute apportioning "all estate taxes, whether state or federal," to the residue of the decedent's estate. Ala. Code 1975, § 40-15-18.
Section 40-15-18 provides:
 "Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property and shall be a charge against the residue thereof, and the executor or other personal representative shall be under no duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor or other personal representative, which does not pass to the executor or other personal representative as a part of the estate."
We hold that I.R.C. § 2207A does not preempt § 40-15-18 and that under the nonapportionment rule of § 40-15-18 the Alabama estate tax attributable to the Q-TIP property included in the estate of Mabel Cleveland is a charge against the residue of her estate. Section 2207A clearly preempts § 40-15-18 with regard to the payment of federal estate taxes attributable to Q-TIP property; however, § 2207A makes no specific *Page 1138 
provision for the apportionment of state estate taxes. H.B. Cleveland argues that § 2207A applies to the "total tax" payable by reason of the death of the decedent; however, Compass Bank correctly points out that the phrase "total tax" in § 2207A is part of the complete phrase, "total tax under this chapter," meaning federal estate tax. H.B. Cleveland argues that, because Alabama's estate tax is defined in terms of the maximum allowable deduction from estate tax for state estate taxes actually paid (i.e, a "sponge tax" or "pick-up tax"), the state tax is in reality a part of the total tax. See I.R.C. § 2011; Ala. Code 1975, § 40-15-2. We are not persuaded by this argument. The Alabama estate tax is imposed by §40-15-2 of the Alabama Code, not "under [the] chapter" of the Internal Revenue Code pertaining to federal estate tax.
H.B. Cleveland also argues that, contrary to the contentions of Compass Bank, § 40-15-18 does not prevent recovery of Alabama estate tax from the H.F. Cleveland Trust. He contends that § 40-15-18 does not preclude recovery of such taxes, but that it provides only that the executor is not under a duty to recover them. According to H.B. Cleveland, § 40-15-18 states only which party is "primarily liable" for the payment of estate taxes, not which party is "ultimately" liable for such taxes. Such a construction of § 40-15-18, H.B. Cleveland says, is necessary to avoid unjust and inequitable consequences.
With regard to the argument that § 40-15-18 does not preclude recovery of Alabama estate taxes attributable to Q-TIP property included in the gross estate of a decedent, but only relieves the executor of the duty of recovering those taxes, we conclude that the statute dictates otherwise. Although § 40-15-18 states that the executor or other personal representative shall be under no duty to recover the pro rata portion of the estate tax attributable to the inclusion of any property in the gross estate, it clearly provides that "all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personalrepresentative out of the estate property and shall be a chargeagainst the residue thereof." The intention of the legislature should be given effect. Unless a decedent directs otherwise in his will, all estate taxes, whether state or federal, shall be paid by the executor from the property of the estate and such taxes shall be a charge against the residue of the estate. Mrs. Cleveland's will is silent as to the payment of estate taxes.
Alabama's anti-apportionment statute definitely takes the minority position in regard to apportioning the tax burden.Cox v. United States, 421 F.2d 576, 584 (5th Cir. 1970);Annotation, 71 A.L.R.3d 247 § 3[a] (1976); see also, Estate ofDeVoss, 474 N.W.2d 542 (Iowa 1991). However, the legislature, if anyone, should be responsible for changing a legislative enactment that has been in effect since 1951. The legislature has changed its position with regard to the apportionment of taxes in some areas, e.g., with regard to the generation-skipping tax, but has not done so for Q-TIP property and has not changed the general rule against nonapportionment. We are bound by the terms of § 40-15-18.
We have considered the other arguments made by H.B. Cleveland and find them not to have merit or not to have been preserved for review. The circuit court did not err in holding that the H.F. Cleveland Trust is not liable for the Alabama estate taxes due on the Q-TIP property.
The first issue raised in Compass Bank's appeal is whether the amount of federal tax owed by the estate of Mabel Cleveland that the Mabel Cleveland Trust directs the trustee to pay reduces pro rata the H.F. Cleveland Trust's obligation under I.R.C. § 2207A to pay the federal estate tax owed by the estate of Mabel Cleveland attributable to the Q-TIP property.
Compass Bank concedes that § 2207A allows the estate of Mabel Cleveland to recover federal tax attributable to the inclusion of Q-TIP property in her estate; Compass Bank argues, however, that the amount of federal tax that the trustee of the Mabel Cleveland Trust is obligated to pay under § 10 of the Mabel Cleveland Trust agreement reduces the amount of federal tax that Compass Bank must pay under § 2207A. Compass Bank contends that the § 2207A right of recovery *Page 1139 
should be considered in light of § 10 of the Mabel Cleveland Trust agreement, which, it says, directs the trustee to pay the trust's proportionate share of federal and state estate taxes. H.B. Cleveland counters with the argument that § 10 of the Mabel Cleveland Trust does not affect the liability of the H.F. Cleveland Trust under § 2207A for the amount of federal estate tax attributable to the Q-TIP property.
In the circumstances of this case, § 2207A undisputedly establishes and defines the liability of the H.F. Cleveland Trust for a portion of the federal estate tax owed by the estate of Mabel Cleveland. Under § 2207A, the decedent's estate may recover from the H.F. Cleveland Trust that amount of federal estate tax attributable to the inclusion of the Q-TIP property in the estate of Mabel Cleveland.
Section 10 of the Mabel Cleveland Trust agreement establishes and defines the liability of that trust for a portion of the federal and state estate tax owed by the estate of Mabel Cleveland. Section 10 provides:
 "Tax Provision. If any executor, administrator, or other person acting in a fiduciary capacity has paid death taxes, levied or assessed under the provisions of any state or federal, or state and federal, inheritance or succession tax or estate tax laws now existing or hereafter enacted, and if under the provisions of any such law any or all of the trust property is required to be included in the gross estate of the Grantor, the Trustee is directed to reimburse such executor, administrator, or other person acting in a fiduciary capacity for that proportionate part of the death taxes paid by reason of the inclusion of such trust property in the gross estate of the Grantor."
Under § 10 the Mabel Cleveland Trust is liable only for that amount of federal and Alabama estate tax attributable to the inclusion of the Mabel Cleveland Trust property in the estate of Mabel Cleveland. Thus, the obligation of the Mabel Cleveland Trust under § 10 does not extend to the amount of federal and Alabama estate tax attributable to the inclusion in the estate of Mabel Cleveland of property of the H.F. Cleveland Trust, and the circuit court properly held the H.F. Cleveland Trust liable for the entire amount of federal estate tax on the Q-TIP property in the H.F. Cleveland Trust.
The other issue in Compass Bank's appeal is whether the circuit court properly held the H.F. Cleveland Trust liable under I.R.C. § 2207A for interest and penalties, which, Compass Bank alleges, are attributable to alleged negligence and misconduct on the part of H.B. Cleveland as executor of the estate of Mabel Cleveland.
Compass Bank contends that H.B. Cleveland breached his fiduciary duty in his handling of the affairs of the estate of Mabel Cleveland and thereby caused the H.F. Cleveland Trust to incur liability for penalties and interest charged on the amount of unpaid federal estate tax owed by the estate of Mabel Cleveland because of the Q-TIP property. According to Compass Bank, I.R.C. § 2207A charges interest and penalties to the H.F. Cleveland Trust to the extent that interest and penalties on the estate are attributable to tax liability under I.R.C. § 2207A. Compass Bank argues that H.B. Cleveland negligently caused the H.F. Cleveland Trust to be liable for these penalties and this interest, and that therefore H.B. Cleveland ought to pay them.
H.B. Cleveland counters by arguing that I.R.C. § 2207A(d) imposes penalties upon, and charges interest to, the H.F. Cleveland Trust and that this statute contains no provision for the imposition of such penalties and the charging of such interest to the executor of the decedent's estate. H.B. Cleveland also argues that he has not negligently handled the affairs of the estate of Mabel Cleveland.
Section 2207A(d) states:
 "In the case of penalties and interest attributable to additional taxes described in subsections (a) and (b), rules similar to subsections (a), (b), and (c) shall apply."
This section, together with § 2207A(a), imposes on the H.F. Cleveland Trust all penalties and interest on the amount of tax attributable to the Q-TIP property. The trial court in this case heard all of the evidence and ruled that H.B. Cleveland was not responsible for the interest and penalties that *Page 1140 
are attributable to the Q-TIP property. Nothing in the record indicates that this ruling was incorrect. Under the facts of this case, the circuit court did not err in holding Compass Bank, as trustee for the H.F. Cleveland Trust, liable for all penalties and interest corresponding to the unpaid amount of federal estate tax attributable to the Q-TIP property.
 For the reasons stated above, we affirm the judgment. AFFIRMED.
HORNSBY, C.J., and KENNEDY, INGRAM and COOK, JJ., concur.
SHORES and HOUSTON, JJ., recused.
[1] I.R.C. § 2056(b)(7) provides for "qualified terminable interest property" ("Q-TIP"), which allows a marital deduction where one would not otherwise be available.
[2] As with H.F. Cleveland, this retained life income interest meant that the trust was includable in her estate.