This appeal concerns the proper application, to stipulated facts, of Ala. Code 1975, § 40-15-18, which provides, in pertinent part:
 "Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property and shall be a charge against the residue thereof, and the executor or other personal representative shall be under no duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor or other personal representative, which does not pass to the executor or other personal representative as a part of the estate."
The record reveals that George Edward Lourie ("George") and Emily Barnes *Page 853 
Lourie ("Emily"), a married couple, executed wills on January 21, 1983. George predeceased Emily, and his will was admitted to probate in Jefferson County in 1997. In addition to stating several specific bequests, George's will provided that if Emily survived him, the residue of his estate was to be divided into two parts, which were designated as the "Marital Share" and the "Family Share." George intended that all or part of the "Marital Share" would constitute estate-tax-advantaged "qualified terminable interest property" ("QTIP") under § 2056(b)(7) of the United States Internal Revenue Code should his executors make an election to that effect. George's executors made such an election, and, pursuant to the terms of George's will, the moneys allocated to the "Marital Share" were paid into two separate trusts, a non-QTIP "Exempt Marital Trust" and a QTIP "Non-Exempt Marital Trust." The effect of the executors' election was to allocate the assets in the "Non-Exempt Marital Trust" to Emily's estate for estate-tax purposes rather than subjecting them to estate taxation upon George's death; however, George's will also provided that upon Emily's death, the corpus of the "Non-Exempt Marital Trust," as well as the corpus of the "Exempt Marital Trust" and the "Family Trust," would pass to the three daughters of his sister Dorothy L. Phelps: Susan Louise Phelps Hollis, Ann Lourie Phelps Nichols, and Margaret Jo Phelps Snow ("the nieces").
Emily died in March 2001, and her will was admitted to probate in Jefferson County soon thereafter; AmSouth Bank, N.A. ("AmSouth"), as successor to the First National Bank of Birmingham, was named executor of Emily's will. In addition to various bequests of personal property and testamentary gifts of life-insurance proceeds, Emily's will provided, in pertinent part, that the residue of her estate would pass to George or, if he should die before her, to George's sister Dorothy L. Phelps (who also died before Emily). Emily's will did not contain any provision concerning the payment of estate taxes.
In June 2002, AmSouth filed a "Petition for Instructions" in the Jefferson Probate Court as to three issues, one of which concerned the disposition of Emily's residuary estate; AmSouth questioned whether, in light of Emily's having survived both of the named beneficiaries of her residual estate, that estate should be paid in accordance with Alabama's intestacy statutes. AmSouth's petition for instructions thus placed in issue the competing claims to the residue of Emily's estate of two groups of putative beneficiaries: (1) the nieces, and (2) Emily's heirs at law. AmSouth later amended its petition for instructions so as to request that the probate court determine whether the Alabama estate tax attributable to the inclusion of the "Non-Exempt Marital Trust" in Emily's estate should be paid out of the corpus of that trust or from Emily's estate.
On April 17, 2003, the probate court entered an order pursuant to Rule 12(c), Ala. R. Civ. P., with respect to the competing claims to the residue of Emily's estate, declaring that the nieces had no valid claim to that residue; the probate court also directed the entry of a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P., with respect to that order. The nieces filed a motion to alter, amend, or vacate the judgment as it pertained to the disposition of Emily's residual estate; although all parties consented to allow that motion to remain pending in the probate court until October 1, 2003, the probate court did not act on that motion on or before that day. The parties filed stipulations of facts that, among other things, addressed the estate-tax-liability issue, and they filed briefs concerning their respective positions as to that issue. The probate court, on December 29, 2003, entered an order in *Page 854 
which that court purported to deny the nieces' postjudgment motion, declared that the Alabama estate taxes attributable to the inclusion of the "Non-Exempt Marital Trust" in Emily's estate should be borne by that trust and not by the estate, and "ratified and approved" AmSouth's payment of those taxes from that trust. The nieces appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to §12-2-7(6), Ala. Code 1975.
Although the nieces' appellate brief raised three issues, two of those issues, both of which concerned the disposition of Emily's residual estate, were expressly waived after submission by their attorney. "[W]here an appellant expressly waives error in this court, we will disregard that error as a basis of reversal." Lary v. Flasch Bus. Consulting, 878 So.2d 1158, 1161
(Ala.Civ.App. 2003) (citing Baggett v. Webb, 46 Ala.App. 666,670, 248 So.2d 275, 278 (Civ. 1971), and Rowan v. Rowan,45 Ala.App. 505, 506, 232 So.2d 685, 686 (Civ. 1970)). We therefore need not determine whether the nieces' appeal was timely as to those issues or address those issues on the merits.
The sole remaining issue concerns whether the probate court correctly ruled that Alabama estate taxes that are assessed as a consequence of including the corpus of the "Non-Exempt Marital Trust" in Emily's estate should be paid from the corpus of that trust or from the residue of Emily's estate. The nieces argue that the probate court erred in not following Cleveland v.Compass Bank, 652 So.2d 1134 (Ala. 1994), the only Alabama case to address the tax-allocation issue in the context of a QTIP trust. Howard Forrester, the executor of the estate of Louise Forrester (who was nominated to received personalty under Emily's will), has filed a brief opposing the nieces' positions; Emily's heirs have not filed an appellate brief. Because this case presents no factual disputes and the only issues on appeal deal with the application of the law to undisputed facts, the probate court's judgment warrants no presumption of correctness; thus, our review is de novo. State v. Tenaska Alabama Partners, L.P.,847 So.2d 962, 966 (Ala.Civ.App. 2002).
The facts in Cleveland, supra, are similar to those present in this case: a settlor created a trust as to which, upon his death, the trustee made a QTIP election whereby a substantial portion of the trust assets were included within the estate of the settlor's wife, who survived him. Upon the wife's death, her executor sought to recover from the trust not only the amount of the federal estate taxes paid by the estate that were attributable to the inclusion of the QTIP property in the wife's estate (see I.R.C. § 2207A) but also the amount of theAlabama estate taxes paid by the estate arising from that property's inclusion in the estate. In response, the trustee argued that the "general rule of nonapportionment" espoused in §40-15-18, Ala. Code 1975, mandated that the Alabama estate tax be borne by the residue of the wife's estate. 652 So.2d at 1137.
The Alabama Supreme Court agreed with the trustee. Although the Supreme Court did acknowledge that § 40-15-18 "definitely takes the minority position in regard to apportioning the tax burden,"[1] it reasoned that the intention of the legislature, i.e., that all estate taxes should generally be paid from estate property and should be a charge against the residue of the estate, was to be given effect. 652 So.2d at 1138.Cleveland restated the black-letter rule of § 40-15-18 thus: "Unless *Page 855 
a decedent directs otherwise in his will, all estate taxes, whether state or federal, shall be paid by the executor from the property of the estate and such taxes shall be a charge against the residue of the estate." Id. Thus, because the wife's will in Cleveland was "silent as to the payment of estate taxes," the Supreme Court affirmed the trial court's judgment that the trust was not liable for the Alabama estate taxes due on the QTIP property. Id.
As framed by Cleveland, the sole pertinent question in determining whether the "Non-Exempt Marital Trust" or Emily's residual estate should bear the burden of the Alabama estate taxes incurred as a consequence of the inclusion of the trust corpus in the estate is whether Emily's will speaks directly to the issue. That will, like the will of the wife in Cleveland, does not address the manner of payment of estate taxes so as to take this case outside of the general rule set forth in §40-15-18. While we acknowledge Forrester's argument that George's intent, as expressed in his will, may have been that all estate taxes arising from the "Marital Share," such as those stemming from the "Non-Exempt Marital Trust," would be absorbed by the trust itself, Cleveland renders immaterial any expression of George's intent — the pertinent testator in this case is Emily, not George.
We note that Emily's heirs argued in the probate court thatCleveland was wrongly decided, although they have not renewed that argument on appeal.[2] Even had they done so, however, we would not be at liberty to depart from the construction of §40-15-18 adopted by the Supreme Court in Cleveland. See §12-3-16, Ala. Code 1975 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals."). It is for the Alabama Supreme Court, or alternatively the legislature, to allow a decedent's estate to avoid (or recapture) Alabama estate taxes owed by the estate as a consequence of the inclusion in that estate of QTIP trust property where the decedent's will does not "direct otherwise."
The judgment of the probate court as to the issue of the payment of Alabama estate taxes by the "Non-Exempt Marital Trust" is reversed. The cause is remanded for the entry of an order or judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.
CRAWLEY and MURDOCK, JJ., concur in the result, without writing.
[1] See generally In re Will of Cooney, 197 Wis.2d 484, 510,541 N.W.2d 467, 477 (1995) ("Although some states have altered the burden-on-the-residue rule by statutory or judicially-created apportionment rules, Wisconsin is among the states that have not done so.").
[2] Forrester's attempt to "incorporate" into his appellate brief the arguments made by Emily's heirs in their trial brief is not proper procedure under Rule 28, Ala. R.App. P. See Perry v.State Pers. Bd., 881 So.2d 1037, 1039 (Ala.Civ.App. 2003),cert. denied, 881 So.2d 1041 (Ala. 2003).