THOMPSON, Presiding Judge.
On December 29, 2011, C.D.S. filed a petition in the Mobile Probate Court (“the probate court”) seeking to adopt K.R.S. (“the.child”) under § 26-10A-27, Ala.Code 1975, a part of the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975. The probate court requested that C.D.S. file a brief setting forth the applicable law, and it later conducted a hearing. On April 6, 2012, the probate court entered a judgment denying C.D.S.’s request that she be allowed to adopt the child. In reaching its judgment, the probate court determined that, under applicable law, C.D.S. was not a “spouse” of the child’s mother such that she could adopt the child pursuant to § 26-10A-27. C.D.S. timely appealed.
On appeal, C.D.S. contends that the probate court erred in denying her adoption petition. The right of adoption is created by statute, and it is in derogation of the common law. Ex parte D.W., 835 So.2d 186, 190 (Ala.2002). In this case, there are no factual issues; because only a legal issue is implicated, this court must review the probate court’s judgment de novo. Hollis v. Forrester, 914 So.2d 852, 854 (Ala.Civ.App.2004).
C.D.S., a woman, presented evidence indicating that, in 2008, she and the child’s mother were married in California. C.D.S. argues that she is the spouse of the child’s mother and, therefore, that she may adopt the child under § 26-10A-27, which provides that, under certain conditions, “[a]ny person may adopt his or her spouse’s child.” The child’s mother consented to CJD.S.’s adoption of the child in her capacity as the mother’s spouse.[1]
The State of Alabama does not recognize same-sex marriages. Ala. Const, of 1901, Art. I, § 36.03; § 30-1-19, Ala.Code 1975. Section 30-1-19,' known as the “Alabama Marriage Protection Act,” provides that “[mjarriage is inherently a unique relationship between a man and a woman” and that “[a] marriage contracted between individuals of the same sex is invalid in this state.” § 30-l-19(b). In addition, same-sex marriages that are valid in other states are not recognized in Alabama. § 30-1-19(e) (“The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the *178 law of any jurisdiction regardless of whether a marriage license was issued.”).
The Sanctity of Marriage Amendment, set forth in Ala. Const, of 1901, Art I, § 86.03, contains identical provisions to those of the Alabama Marriage Protection Act, and it further provides that Alabama will not recognize a common-law marriage between individuals of the same sex. Ala. Const, of 1901, Art. I, § 36.08(f). Further, as the probate court noted in its judgment, the federal Defense of Marriage Act, 28 U.S.C. § 1738C, provides that no state is required to give effect to a marriage of people of the same sex that is valid in another state. See also 1 U.S.C. § 7 (in interpreting federal law or administrative regulations, “the word ‘marriage’ means only a legal union between one man and one woman as husband and wife, and the word ‘spouse’ refers only to a person of the opposite sex who is a husband or a wife”).[2]
Thus, under Alabama law, C.D.S.’s marriage to the child’s mother is not recognized, and, therefore, under Alabama law, C.D.S. is not the spouse of the child’s mother. Accordingly, C.D.S. may not adopt the child pursuant to § 26-10A-27, which allows adoptions by a stepparent. Therefore, we conclude that the probate court properly applied the law to the facts of this case in denying C.D.S.’s petition seeking to adopt the child.
On appeal, C.D.S. advances several policy arguments concerning the importance of families in support of her contention that she should be allowed to adopt the child. However, it is clear that, in enacting § 30-1-19, our legislature has rejected those arguments, as has a majority of Alabama voters in approving Ala. Const, of 1901, Art I, § 36.03. See Ala. Const. of 1901, Art. XVIII, § 284 (setting forth the manner in which amendments to the Alabama Constitution are approved).
C.D.S. also contends on appeal that the probate court’s judgment deprives her of certain constitutional rights. However, we conclude that the probate court’s judgment constitutes a proper application of Alabama law. Therefore, C.D.S.’s constitutional challenges should be to the laws she contends deprive her of her constitutional rights. In the probate court, C.D.S. did not seek to have § 30-1-19, Ala.Code 1975, or the Sanctity of Marriage Amendment declared unconstitutional. Therefore, C.D.S. is precluded from raising those issues in this court. “[Ejven constitutional issues may not be raised for the first time on appeal.” D.P. v. Limestone Cnty. Dep’t of Human Res., 28 So.3d 759, 765 (Ala.Civ.App.2009); Godwin v. Davis, 56 So.3d 646, 651 (Ala.Civ.App.2010).
C.D.S. has failed to demonstrate that the probate court erred in reaching its judgment. Therefore, the judgment’ is affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The mother did not consent to relinquish her own parental rights to the child so that C.D.S. could adopt the child under any other section of the Alabama Adoption Code. Therefore, C.D.S. could proceed only under § 26-10A-27. See § 26-10A-29(b), Ala.Code 1975 (“Upon the final decree of adoption, the natural parents of the adoptee, except for a natural parent who is the spouse of the adopting parent [,] are relieved of all parental responsibility for the adoptee and will have no parental rights over the adoptee.” (emphasis added)).

. 1 U.S.C. § 7 has been declared unconstitutional by the United States Court of Appeals for the First Circuit. See Massachusetts v. United States Dep’t of Health & Human Servs., 682 F.3d 1, 2 (1st Cir.2012). That federal authority is not binding on this court, although that authority might be considered persuasive. Glass v. Birmingham Southern R.R., 905 So.2d 789, 794 n. 2 (Ala.2004).