DONALDSON, Judge,
dissenting.
Probate courts have original jurisdiction of adoption proceedings. § 26-10A-3, Ala. Code 1975. On March 11, 2008, the Probate Court of Walker County issued a judgment of adoption of B.T.S. (“the child”) by O.S., the child’s paternal grandfather (“the grandfather”) and his wife, J.A.S. (O.S. and J.A.S. are hereinafter referred to collectively as “the grandparents”), after B.O.S. (the “the biological father”) and E.S. (“the biological mother”) filed written consents to adoption. That judgment is to be given the same status as judgments from the circuit courts: “All orders, judgments and decrees of probate courts shall be accorded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction.” § 12 — 13—1(c), Ala. Code 1975.
The Alabama Adoption Code, § 26-10A-1 et. seq., Ala.Code 1975, provides a biological parent with a limited opportunity to withdraw and/or attack the validity of a consent to adoption: “At any time until the final decree upon a showing that the consent or relinquishment was obtained by fraud, duress, mistake, or undue influence on the part of a petitioner or his or her agent or the agency to whom or for whose benefit it was given. After one year from the date of final decree of adoption is entered, a consent or relinquishment may not be challenged on any ground, except in cases where the adoptee has been kidnapped.” § 26-10A-14(2), Ala.Code 1975 (emphasis added).
The legislature also has provided limitations on collateral attacks on probate court judgments of adoption based on other grounds: “A final decree of adoption may not be collaterally attacked, except in cases of fraud or where the adoptee has been kidnapped, after the expiration of one year from the entry of the final decree and after all appeals, if any.” § 26-10A-25(d), Ala.Code 1975.
On February 26, 2010, almost two years after the entry of the adoption judgment in this case, the biological mother filed an independent action in the Walker Circuit Court challenging the adoption judgment as part of divorce proceedings from the biological father. It appears the biological mother’s contentions fall into three categories: (1) her consent was invalid based on misrepresentations or other fraudulent conduct of the grandfather, (2) a fraud was perpetrated by the grandparents based on their improper motivations for the adoption, and/or (3) the petition for adoption filed by the grandparents did not invoke the jurisdiction of the probate court. The biological mother contends that the filing of the independent action in the circuit court was necessary because the probate court of Walker County does not have equity powers and the independent action was authorized by the “savings clause” of Rule 60(b), Ala. R. Civ. P., which provides in pertinent part: “This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment ... to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
The legislature has specifically provided that the Rules of Civil Procedure are applicable to adoption proceedings in the probate court. § 26-10A-37, Ala.Code 1975. Therefore, it appears a Rule 60(b) motion could have been filed by the biological mother in the probate court to challenge the validity of her consent. Stated otherwise, it does not appear that invoking *1231 the equitable jurisdiction of the circuit court was necessary to challenge the adoption judgment on this ground. Such a challenge, however, was time-barred by the provisions of § 26-10A-14(2). Adoption is a statutory creation, “and it is in derogation of the common law.” In re Adoption ofKRS., 109 So.3d 176 (Ala.Civ. App.2012). Even assuming that filing the independent action in the circuit court rather than in the court issuing the order being challenged was authorized under Rule 60(b), the invocation of equitable jurisdiction would not permit the limitations period of § 26-10A-14 to be circumvented or extended. Therefore, any challenge by the biological mother to the consent she gave was barred by § 26-10A-14.
The biological mother next asserts that the adoption proceedings were a subterfuge based on the motivations of the grandfather and constituted a “fraud upon the court.” The biological mother recognizes that the type of fraud that would permit a challenge almost two years after the entry of the judgment must be characterized as a “fraud upon the court” rather than fraud between the parties or a misrepresentation subject to the time limitations of Rule 60(b)(3), Ala. R. Civ. P. It is recognized that such challenges are historically considered to be proceedings in equity, and, as such, a claim properly presented in circuit court:
“We have a principle in this State that false allegations in a bill on which its jurisdiction is founded, and which are necessary to invoke such jurisdiction, constitute a fraud on the court and a decree on such allegations is procured fraudulently and is subject to attack in equity, if the defendant was duly diligent. Keenum v. Dodson, 212 Ala. 146, 102 So. 230 [(1924)]; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206 [(1926)]; Hooke v. Hooke, 247 Ala. 450(9), 25 So.2d 33 [(1946)]; Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585 [(1948)].”
Spencer v. Spencer, 254 Ala. 22, 27, 47 So.2d 252, 256 (1950).
The circuit court’s order found that the grandfather had “perpetrated a fraud against the Probate Court of Walker County, Alabama, and [had] made false representations to that Court in order to invoke the jurisdiction of that Court and to obtain the adoption the subject of this action.” Although the evidence may well have been sufficient to set aside the adoption judgment based on intrinsic fraud or other grounds if a motion had been filed within the periods provided by the Adoption Code and/or Rule 60(b)(3), Ala. R. Civ. P., the evidence was not sufficient to set aside the judgment two years after it was entered based on a “fraud upon the court”:
“ ‘This Court has defined “fraud upon the court” as that species of fraud that defiles or attempts to defile the court itself or that is a fraud perpetrated by an officer of the court, and it does not include fraud among the parties, without more.’ Waters v. Jolly, 582 So.2d 1048, 1055 (Ala.1991) (citing Brown v. Kings-berry Mortgage Co., 349 So.2d 564 (Ala. 1977), and Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987)). Black’s Law Dictionary 686 (8th ed. 2004) defines ‘fraud on the court’ as follows: ‘In a judicial proceeding, a lawyer’s or party’s misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding.’ See Ex parte Free, 910 So.2d 753 (Ala.2005). The cases in which fraud on the court has been found, for the most part, have been eases in which there was ‘the most egregious conduct involving a corruption of the judicial process itself,’ such as the bribery of a judge or the employment of counsel to improperly influence the *1232 court. 11 Charles A. Wright et al., Federal Practice & Procedure Civ.2d § 2870 (1995).”
Christian v. Murray, 915 So.2d 23, 28 (Ala.2005).
“‘“Fraud on the court” has been defined as “fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.” 7 J. Moore, Moore’s Federal Practice § 60.33 (2nd ed. 1990). Such fraud must be “extrinsic,” that is, perpetrated to obtain the judgment, rather than “intrinsic.” Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977). In discussing “fraud on the court,” the Eleventh Circuit Court of Appeals stated:
“ ‘ “Perjury is an intrinsic fraud which will not support relief from judgment through an independent action. See United States v. Throckmorton, 8 Otto 61, 98 U.S. 61, 25 L.Ed. 93 (1878); see also Great Coastal Express [v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America], 675 F.2d [1349] at 1358 (4th Cir.1982); Wood v. McEwen, 644 F.2d 797 (9th Cir. 1981). Under the Throckmorton doctrine, for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party. See Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 425, 43 S.Ct. 458, 465, 67 L.Ed. 719 (1923). Perjury by a party does not meet this standard because the opposing party is not prevented from fully presenting his case and raising the issue of perjury in the original action.
“““Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.... Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed by the normal adversary process.’
“ “Great Coastal Express, 675 F.2d at 1357.”
“‘Travelers Indemnity Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir.1985).’
“[Hall v. Hall,] 587 So.2d [1198,] 1200-01 [(Ala.1991)].”
McGee v. Bevill, 111 So.3d 132 (Ala.Civ. App.2012).
The allegations of the biological mother involved claims of intrinsic fraud, misrepresentations, and improper motivations. All of those claims were subject to the time limitations of the Adoption Code and/or Rule 60(b)(3), Ala. R. Civ. P. I further note that any requirement that the child reside with a grandparent for one year before a grandparent may file an adoption petition may be waived by the probate court under § 26-10A-28, Ala. Code 1975. Therefore, any misrepresentation on that issue in the adoption petition did not deprive the probate court of jurisdiction.
In her cross-appeal, the biological mother contends that the circuit court should have vacated the adoption judgment on the basis that the probate court lacked subject-matter jurisdiction because the adoption petition was not verified as required by § 26-10A-16, Ala.Code 1975. I would hold that the failure to verify the petition would have been a ground to dismiss the adoption proceedings or to otherwise challenge the adoption petition before the entry of the adoption judgment, but it did not *1233 deprive the: probate court of subject-matter jurisdiction. See, e.g., Ex parte Collier, 64 So,3d 1045 (Ala.2010) (discussing the requirement of verification for habeas corpus proceedings as it relates to the jurisdiction of the court).
The findings of fact in the well-reasoned judgment of the circuit court are supported by the evidence presented. But under the legislative requirements, any challenge to the biological mother’s consent based on those facts had to be alleged within one year of the adoption under § 26-10A-14. Any other challenge could have been raised under Rule 60(b)(1) through (6), Ala. R. Civ. P, as applicable, within the time frames provided by that rule. And, although § 26-10A-25(d) and Rule 60(b) would permit a challenge to the adoption judgment based upon a “fraud upon the court” if the challenge is filed within three years of the entry of the judgment, the evidence here does not suffice to void the adoption judgment. As noted in the Comments to § 26-10A-25, “it is imperative that the adoptee be assured a secure and stable environment without an untimely and unfounded interruption.” In creating the legal concept of adoption (unknown at common law), the legislature intended for there to be finality to the proceedings and provided limited grounds for overturning an adoption judgment. Those grounds were not pursued in a timely manner by the biological mother in this case. Accordingly, as to the issues raised in the grandparents’ appeal, I would reverse the circuit court’s judgment, and as to the issues raised in the biological mother’s cross-appeal, I would affirm the judgment. Therefore, I respectfully dissent.
THOMPSON, P.J., concurs.